## Dubose Cupit v. The State.

### No. 9823.    Delivered January 20, 1926.

#### 1.—Carrying a Pistol—Evidence—Improperly Admitted.

Where, on a trial for carrying a pistol, the State was permitted to prove by the justice of the peace that he had taken a written statement from the State's witness Mrs. Franklin, and the contents of said statement. The objection of appellant that the writing itself was the best evidence of its contents was well taken, and being of a material character, its admission necessitates the reversal of the case.

#### 2.—Same—Evidence—Bolstering up Witness—Not Permissible.

Under our practice it is not permissible, unless the witness has been impeached, to permit testimony of statements made by such witness prior to the trial. If the opposing party should impeach the testimony of the witness given on the trial, it is usually proper in rebuttal of such impeachment to show that the witness made the same statement at another time, for the purpose of corroborating such witness.

Appeal from the County Court of San Augustine County. Tried below before the Hon. W. C. Gary, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*W. T. Davis,* of San Augustine, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the County Court of San Augustine County of the offense of carrying a pistol, and his punishment fixed at a fine of $100.00.

Appellant did not deny carrying the pistol but sought to justify himself upon the ground that a justice of the peace issued a special warrant and sent it to him directing him to arrest the boy of a Mr. Gray, the only offense of the boy being that he had run away from his father.

The State introduced Mrs. Franklin who testified that on the occasion in question appellant came to her house and that he had a pistol, was drunk, etc. After the introduction of the testimony for the defense, the State introduced a justice of the

peace who testified that he went with appellant to Mrs. Franklin's house and took from her a written statement concerning the transaction. Over objection he testified that Mrs. Franklin made a written statement at said time in which she said that appellant came to her house drunk, got down and came in with a pistol in his hand. Appellant's objection was that the written statement was the best evidence. The absence of said statement was in no way accounted for, nor was there any proof of its loss, destruction, etc. The objection was well taken. We are unable to appraise the extent of the injurious effect upon the minds of the jury of the introduction of this illegal testimony.

The materiality of the testimony arose from the issue made, that appellant was not in the discharge of the special duty imposed.

There appears in the record no evidence of any effort on the part of appellant to impeach Mrs. Franklin. In the absence of some such effort the State could not introduce the statement made by her to the justice of the peace, *even if it had been present,* for the purpose of bolstering up the testimony of the witness. If appellant had in any way sought to impeach Mrs. Franklin regarding it, her statement so made might be admissible for the purpose of corroborating her testimony.

For the error mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*